UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:            SG 3836
:
SANTOS and CARMEN RODRIGUEZ          Docket No.: 13 Civ. _____
:
         Plaintiffs,                  COMPLAINT
    -against-                   :

NATIONWIDE MUTUAL FIRE INSURANCE   :
COMPANY,
:
         Defendant.
:

:
-----------------------------------------------------------------x

       Plaintiffs, by their attorneys Gauthier, Houghtaling & Williams, LLP state and allege the following upon information and belief:

### THE PARTIES

       1.      Plaintiffs are individuals, citizens of the United States, and residents of the State of New York residing within the Eastern District of New York.

       2.      Defendant Nationwide Mutual Fire Insurance Company (hereinafter "Nationwide") was and is a corporation duly organized and existing under and by virtue of the laws of the State of Ohio, doing business in New York, with its principal place of business located at One Nationwide Plaza, Columbus, OH 43216.

### JURISDICTION AND VENUE

       3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 and 1441 because Plaintiffs are citizens of the State of New York, Defendant Nationwide is a

citizen of the State of Ohio, and the amount in controversy as to Plaintiffs is in excess of $75,000 exclusive of interest and costs.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. Section 1391 because Plaintiffs' claim arise in the Eastern District of New York, the insured property is located in the Eastern District of New York and Defendant Nationwide is subject to personal jurisdiction in the Eastern District of New York.

## NATURE OF THE ACTION

5. This is an action for damages arising out of the failure and refusal of Defendant Nationwide to honor its obligations under an individual property insurance policy that Nationwide sold and issued to Plaintiffs. Plaintiffs seek judgment that Nationwide is liable to Plaintiffs for damages caused by Superstorm Sandy to Plaintiffs' insured property.

## FACTUAL BACKGROUND

6. Nationwide sold and issued a policy of insurance (the "Policy") to Plaintiffs covering losses to their dwelling and personal property. Plaintiffs' Policy number is shown below. The Policy was in full force and effect on the date of the incident referred to herein. Plaintiffs paid all premiums when due. Their property was covered under Plaintiffs' Policy with Nationwide at the address shown below:

| No. | Name of Plaintiff-Insured | Policy No. | Property Location |
|---|---|---|---|
| 1 | Santos and Carmen Rodriguez | 66 31 MP 444535 | 440 Beach 46th St., Far Rockaway, NY 11691-1114, Queens County |

7. On or about October 29, 2012, Superstorm Sandy (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation of property.

8. As a result of the Storm, Plaintiffs sustained substantial losses and wind damage to their property, all of which was covered by the Policy that Nationwide issued to Plaintiffs.

2

9. Plaintiffs reported the damage and properly submitted a claim for wind damage to Nationwide. Plaintiffs duly performed all of the conditions of their Policy and fully complied with all provisions and investigations of their claims.

10. Nationwide, its agents, servants and/or employees improperly adjusted and denied at least a portion of Plaintiffs' claims without an adequate investigation, even though Plaintiffs' losses were covered under their Policy.

11. Nationwide, its agents, servants and/or employees unjustifiably refused to perform its obligations under the property insurance Policy and wrongfully denied payment in the full amount of Plaintiffs' claims.

12. Plaintiffs hired independent experts and consultants to evaluate the damage they sustained to their property. Plaintiffs' losses were thoroughly documented and submitted to Nationwide for review. Despite its contractual duty under the Policy to fairly and properly adjust these claims, Nationwide failed and refused to sufficiently compensate Plaintiffs for their covered losses.

13. Because Nationwide and/or its agents failed to pay and/or underpaid Plaintiffs on their claims, Plaintiffs have either not been able to properly and/or completely repair the damages to their property, or repairs were delayed due to lack of funds. This has caused additional damages to Plaintiffs that were within the contemplation of the parties as a foreseeable consequence of Nationwide's failure or delay in performing its obligations under the Policy.

FIRST CLAIM FOR RELIEF
(BREACH OF CONTRACT)

14. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

15. The Policy, at all times relevant and material to the case, constituted a contract between Plaintiffs and Nationwide.

16. Plaintiffs fully performed under the contract by paying all premiums when due and by cooperating with Nationwide regarding the claims. Plaintiffs timely complied with all conditions precedent to their recovery herein, including appropriate and adequate demand. Alternatively, Nationwide waived or excused such conditions precedent.

17. Nationwide failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiffs what they are owed for damages caused by the Storm to property covered under the Policy. Nationwide also breached the contract by failing to perform other obligations it owed Plaintiffs under the Policy.

18. By reason of Nationwide's breach, including its failure to reimburse Plaintiffs for the covered losses, Nationwide is liable to and owes Plaintiffs for the actual damages they suffered as a result of Nationwide's breach, all costs associated with recovering, repairing and/or replacing the covered property, including compensatory damages, in an amount to be established at trial but no less than the Policy limits, together with interest and all other damages that Plaintiffs may prove as allowed by law.

## PRAYER

WHEREFORE, Plaintiffs request judgment against Defendant Nationwide Mutual Fire Insurance Company for compensatory damages in an amount to be established at trial but no less than the Policy limits; pre-judgment and post-judgment interest as provided by law and all other relief the Court may deem just and proper.

Respectfully submitted,

Gauthier, Houghtaling & Williams, LLP

By: __/s/ Sean Greenwood_____
      Sean Greenwood
      SG 3836
      Attorney for Plaintiffs
      52 Duane Street Floor 7
      New York, NY 10007
      Telephone: (646) 461-9197
      Facsimile: (212)732-6323

TO:    Nationwide Mutual Fire Insurance Company
        One Nationwide Plaza
        Columbus, OH 43216

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:                    SG 3836

SANTOS and CARMEN RODRIGUEZ          :               13 Civ. _____

              Plaintiffs,               :              RULE 7.1(a) STATEMENT
    -against-                                  :

NATIONWIDE MUTUAL FIRE INSURANCE   :
COMPANY,
              Defendant.              :

-----------------------------------------------------------------x

       PURSUANT to Rule 7.1(a) (Formerly Local Civil Rule 1.9) of the Federal Rules Civil Procedure, in order to enable judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiffs, a non-governmental party, certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which are publicly held: NONE.

                                              Respectfully submitted,

                                              Gauthier, Houghtaling & Williams, LLP

                                                  */s/ Sean Greenwood*
                                      By: _____
                                               Sean Greenwood
                                               SG 3836
                                               Attorneys for Plaintiffs
                                               52 Duane Street Floor 7
                                               New York, NY 10007
                                               Telephone: (713) 343-1614
                                               Facsimile: (713) 630-8074

TO: Nationwide Mutual Fire Insurance Company
One Nationwide Plaza
Columbus, OH 43216